NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5026-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHARLES WHEATLEY,

    Defendant-Appellant.

```
APPROVED FOR PUBLICATION

   November 21, 2016

  APPELLATE DIVISION
```

Submitted November 10, 2016 — Decided  November 21, 2016

Before Judges Simonelli, Carroll and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 01-15.

Marshall, Bonus, Proetta & Oliver, attorneys for appellant (Jeff Thakker, of counsel; Stephen F. McGuckin, on the briefs).

Joseph D. Coronato, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Supervising Assistant Prosecutor, of counsel; O. Nicholas Monaco, Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

CARROLL, J.A.D.

Defendant Charles Wheatley pled guilty in the Manchester Township Municipal Court to driving while intoxicated (DWI), N.J.S.A. 39:4-50(a), pursuant to a plea agreement by which

related charges of reckless driving, N.J.S.A. 39:4-96, and failure to maintain a lane of vehicular travel, N.J.S.A. 39:4-88(b), were dismissed. The narrow issue presented in this appeal is whether the heightened penalties contained in N.J.S.A. 39:4-50(a)(2), applicable upon conviction of a second DWI offense under N.J.S.A. 39:4-50(a), may be imposed where defendant's predicate "first offense" occurred within a school zone as defined by N.J.S.A. 39:4-50(g), but the second DWI offense did not.

The procedural history and factual background underlying this appeal are undisputed. In 2007, defendant was convicted in Delran Township of DWI in a school zone in violation of N.J.S.A. 39:4-50(g).[1] Defendant was arrested and charged by the Manchester Police in the instant matter on May 5, 2014. On January 14, 2015, defendant pled guilty in the Manchester Township Municipal Court under subsection (a) of the DWI statute, N.J.S.A. 39:4-50. The municipal court rejected defendant's contention that because he was previously convicted under subsection (g) of the DWI statute, he should be sentenced as a first offender under subsection (a). Consequently, the

---

[1] The record on appeal does not include a copy of the summons or the plea and sentencing transcripts. No explanation has been given for the absence of this documentation. However, in their respective briefs the parties agree upon the accuracy of this prior history.

municipal court sentenced defendant as a second offender consistent with the penalties prescribed by N.J.S.A. 39:4-50(a)(2). Specifically, the municipal court suspended defendant's license for two years; ordered him to serve forty-eight hours in the Intoxicated Driver Resource Center, perform thirty days of community service, and place an interlock device on his car; and imposed applicable fines, penalties, and court costs. The municipal court stayed the sentence pending appeal.

The Law Division, on de novo review, similarly held that the second-offense penalties of subsection (a) applied to defendant's current DWI conviction. The court imposed anew the sentence that the municipal court imposed, and continued the stay of defendant's sentence pending this appeal.

Defendant presents the following arguments in his appeal:

POINT I

SUBSECTIONS "(g)" AND "(a)" OF N.J.S.A. 39:4-50 REPRESENT SEPARATE AND DISTINCT OFFENSES, BASED ON THE PLAIN LANGUAGE OF THE STATUTE, THE LEGISLATIVE HISTORY, THE PRINCIPLES OF LENITY, AND THE SUPREME COURT'S DECISION IN STATE V. REINER[, 180 N.J. 307 (2004)]; [DEFENDANT] WAS A FIRST-TIME N.J.S.A. 39:4-50(a) [OFFENDER] AND COULD ONLY HAVE BEEN CONVICTED AND SENTENCED ACCORDINGLY.

POINT II

IT WAS NOT ESTABLISHED THAT THE MANCHESTER MUNICIPAL COURT HAD JURISDICTION OVER THIS

MATTER; THE CONVICTION IS VOID. (Not Raised Below).

Our role on appeal after a trial de novo under Rule 3:23 is to determine whether there is sufficient credible evidence in the record supporting the Law Division's decision. State v. Johnson, 42 N.J. 146, 162 (1964). Unlike the Law Division, we do not independently assess the evidence. State v. Locurto, 157 N.J. 463, 471 (1999). However, we review de novo the trial court's legal conclusions that flow from established facts. State v. Handy, 206 N.J. 39, 45 (2011).

Pertinent to this appeal, N.J.S.A. 39:4-50 provides in relevant part:

> Except as provided in subsection (g) of this section, a person who operates a motor vehicle while under the influence of intoxicating liquor . . . with a blood alcohol concentration of 0.08% or more . . . shall be subject:
>
> (1) For the first offense:
>
> (i) if the person's blood alcohol concentration is 0.08% or higher but less than 0.10% . . . to a fine of not less than $250 nor more than $400 and a period of detainment of not less than 12 hours nor more than 48 hours spent during two consecutive days of not less than six hours each day and served as prescribed by the program requirements of the Intoxicated Driver Resource Centers . . . and, in the discretion of the court, a term of imprisonment of not more than 30 days and [suspension of driving privileges] for a period of three months[.]

. . . .

> (2) For a second violation, a person shall be subject to a fine of not less than $500 nor more than $1000, and . . . community service for a period of 30 days . . . [and] imprisonment for a term of not less than 48 consecutive hours . . . nor more than 90 days, and [suspension of driving privileges] for a period of two years . . . .

However, when the violation of N.J.S.A. 39:4-50 occurs in any one of three areas designated as a school zone, subsection (g) of the statute prescribes harsher penalties. Specifically, in such instances,

> [t]he convicted person shall: for a first offense, be fined not less than $500 or more than $800, be imprisoned for not more than 60 days and have his license . . . suspended for a period of not less than one year or more than two years; for a second offense, be fined not less than $1,000 or more than $2,000, perform community service for a period of 60 days, be imprisoned for not less than 96 consecutive hours . . . nor more than 180 days . . . and have his license . . . suspended for a period of four years[.][2]

> [N.J.S.A. 39:4-50(g)(3).]

Relying on Reiner, supra, defendant renews his argument that because he was previously convicted under subsection (g) of N.J.S.A. 39:4-50 and not subsection (a), he must therefore now

---

[2] Both subsections (a) and (g) provide additionally increased penalties for a third or subsequent offense.

be sentenced as a first offender under N.J.S.A. 39:4-50(a). For the reasons that follow, we find defendant's reliance on Reiner inapposite.

In Reiner, the defendant had previously been convicted of DWI under subsection (a) when he was thereafter convicted of DWI in a school zone under subsection (g). Reiner, supra, 180 N.J. at 309-11. The issue before the Court was whether defendant should be sentenced as a second offender pursuant to subsection (g), even though he had no prior convictions for DWI in a school zone. Ibid. The Court found that the ambiguities in the language of the statute, and the inconclusive legislative history when the DWI statute was amended in 1999 to add subsection (g), compelled it "to construe the statute strictly, against the State and in favor of the defendant." Id. at 318. Because the penalties for a second offender under subsection (g) were approximately twice those applicable to a second offender under subsection (a), the Court held that subsection (g) is "a separate offense that requires other subsection (g) convictions for repeat status to attach." Ibid.

Importantly, however, the Court noted "the anomalous sentencing that would result" on remand were the defendant to be sanctioned only as a first offender under subsection (g), because the penalties for that offense were significantly less

severe than the penalties for a second subsection (a) offense. Id. at 319. Consequently, the Court concluded that "the trial court should sentence defendant in accordance with the heightened penalties that apply as a consequence of being a second-time offender under subsection (a). We believe that that application fulfills the legislative intent with regard to the punishment of repeat DWI offenders." Id. at 319-20.

The factual scenario of the present case is the converse of that addressed by the Court in Reiner. Unlike Reiner, here defendant was first convicted of the school zone offense and then the general DWI offense. Both subsections of the DWI statute require the same elements of proof, except that the State must additionally prove the offense occurred in a school zone in order to establish a violation of subsection (g), with its attendant harsher penalties. In effect, then, although Reiner deemed them to be separate offenses, subsection (a) is a lesser-included offense of subsection (g). In the related context of our Criminal Code, N.J.S.A. 2C:1-8d(1) explains that an offense is included when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]"

Thus, when defendant was convicted of DWI in a school zone in Delran in 2007, the State necessarily established all the

elements necessary to sustain not only a subsection (g) violation but also a subsection (a) violation. Subsequently, when defendant pled guilty to N.J.S.A. 39:4-50(a) in Manchester Township in 2015, the same basic elements of the conventional DWI statute were again established. As the Law Division judge aptly noted, "defendant's conviction for DWI contrary to subsection (a) is a second conviction for the same generally pr[o]scribed conduct, DWI." Analogizing this matter to Reiner, we believe that the heightened penalties that apply as a consequence of being a second, rather than a first, offender under subsection (a) "fulfill[] the legislative intent with regard to the punishment of repeat DWI offenders." Reiner, supra, 180 N.J. at 320. Accordingly, the heightened penalties applicable to a second offender pursuant to N.J.S.A. 39:4-50(a)(2) were properly imposed.

Defendant's remaining argument that it was not established that the Manchester Municipal Court had jurisdiction over this matter, raised for the first time in this appeal, lacks sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed. The stay of the sentence is vacated and the matter is remanded to the Law Division for imposition of sentence.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION